LAW OFFICE OF

# MICHAEL K. BACHRACH

224 WEST 30TH STREET, SUITE 302
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 · FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                            http://www.mbachlaw.com
* admitted in N.Y., MN and D.C.                                     michael@mbachlaw.com

January 4, 2021

**By ECF**

The Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>                   *Re: United States v. Salvatore Tagliaferro, et al.*
>                   *19 Cr. 472 (PAC)*

Dear Judge Crotty:

We represent Defendant Salvatore Tagliaferro in the above-referenced matter and write in response to the Government's motions *in limine*, dated, December 28, 2020 (Doc. No. 109) (hereinafter cited as, "Gov't Mot."). The Government has moved to admit evidence of a 21-year-old prior conviction as impeachment evidence under Rule 609 if Mr. Taglaferro testifies on his own behalf, as well as to permit cross-examination of Mr. Tagliaferro or any character witnesses that he might call regarding certain more recent instances of uncharged conduct. The Government's effort must be seen for what it is: an attempt to chill the possibility that the defense puts on a case of its own. For the reasons that follow, the Government's motion should be dismissed under Rules 401, 403, 404(b), and 609(b) of the Federal Rules of Evidence.

## I.    The probative value of Defendant's 21-year-old prior conviction does not "*substantially* outweigh" its prejudicial effect.

Rule 609(b)(2) of the Federal Rules of Evidence provides that if "more than 10 years have passed since the witness's conviction or release from confinement, whichever is later[, e]vidence of the conviction is only admissible if … its probative value, supported by specific facts and circumstances, **substantially outweighs** its prejudicial effect." Under this Rule, "Congress intended that convictions over ten years old be admitted 'very rarely and only in exceptional circumstances." Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 434 (2d Cir. 1993), quoting, S.Rep. No. 1277, 93d Cong.,2d Sess., reprinted in 1974 U.S.C.C.A.N. (93 Stat.) 7051, 7062; see also United States v. Mahler, 579 F.2d 730, 736 (2d Cir. 1978) (quoting same with approval).

The Government is correct that the Second Circuit has identified various factors to consider in determining admissibility under Rule 609(b), including whether the prior conviction "bears on the witness's veracity." Gov't Mot. at 4, citing, United States v. Payton, 159 F.3d 49, 57-78 (2d

Cir. 1998); United States v. Gilbert, 668 F.2d 94, 97 (2d Cir. 1981).  The Government ignores, however, that the Second Circuit has likewise held that "[t]he length of time between the events … detract[s] from any potential probative value of the prior conviction."  United States v. Garcia, 291 F.3d 127, 138 (2d Cir. 2002).

Indeed, in Garcia the Second Circuit emphasized that the Advisory Committee Notes to Rule 609(b) explain that "the rule governing the admission of prior convictions for impeachment purposes 'intend[s] that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances,' *because* 'after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility [is] diminished to a point where it should no longer be admissible."  Garcia, 291 F.3d at 138 (emphasis added), quoting, Fed.R.Evid. 609(b), Advisory Committee Notes.  ***Here, of course, the conviction is not merely over 10 years old, but over 20.***

Additionally, under Rule 404(b) evidence of a prior conviction may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," but "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed.R.Evid. 404(b)(2), 404(b)(1).  Moreover, even if for a proper purpose, "The government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act."  Garcia, 291 F.3d at 137, citing, inter alia, United States v. Pitre, 960 F.2d 112, 1118 (2d Cir. 1992) (upholding admission of evidence of prior drug transactions *involving the same parties* to show "a relationship of trust between the parties and that 'they knew about transactions of this type'"), United States v. Foster, 939 F.2d 445, 455 (7th Cir. 1991) (admitting Rule 404(b) evidence of defendant's poems using slang and code for drugs as relevant to defendant's knowledge of drugs in the instant case because the poems "indicated, at a minimum, that [the defendant] was familiar with drug code words and, to a certain extent, narcotics trafficking, a familiarity that made it more probable that he knew that he was carrying illegal drugs").  Mr. Tagliaferro's prior conviction meets none of these standards.

In 1997, Mr. Tagliaferro was charged with conspiring to transport, possess, and sell stolen goods in violation of 18 U.S.C. § 371, as well as substantive counts of transporting, possessing, and selling goods in violation of 18 U.S.C. §§ 2313, 2315.  See Gov't Mot. at 3.  "These charges arose from the fact that, on several occasions, the defendant stole or attempted to steal trucks containing merchandise—such as shoes, bedding, and cosmetics—and subsequently sold the goods." Gov't Mot. at 3, citing, PSR ¶¶ 4-8, 33.  "[O]ne co-conspirator would scout for tractor trailers that contained merchandise, notify the others when he located a prospective target, and the co-conspirators would travel to the location to steal the truck."  Id., citing, PSR ¶ 4.  According to the PSR related to that prior offense, Mr. Tagliaferro "was involved solely with the stolen goods" and "maintained no supervisory powers in the conspiracy."  PSR ¶ 27.  Mr. Tagliaferro pleaded guilty to the conspiracy count and during his pre-sentence interview admitted that committing the crimes were a mistake.  See PSR ¶ 32.  In August 2017, he was sentenced to 18 months' imprisonment by the Honorable Frederic Block, United States District Court Judge for the Eastern District of New York, see Judgment and Commitment Order, United States v. Tagliaferro, 97 Cr. 59 (FB) (EDNY Aug. 26, 1997) (Doc. No. 21), and released from prison on October 19, 1998, see

The Hon. Paul A. Crotty
January 4, 2021
Page 3 of 5

BOP          Inmate          Locator          (available          at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results).

Clearly, while Mr. Tagliaferro's prior and present offenses involve allegations of some form of theft, the offenses couldn't be more different.  The first involved the physical seizure of trucks and the goods inside, and the latter involves an alleged kickback scheme.  The first was a street crime, the latter white collar.  The first involved one set of co-conspirators, the latter involved entirely different people.  There is simply no "similarity of connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." Garcia, 291 F.3d at 137 (citations omitted).  Moreover, the physical nature of the prior act involved conduct that is more inflammatory than the present offense, unduly prejudicing their consideration of the facts and evidence of what occurred in the present case.  See United States v. Johnson, 469 F.Supp.3d 193, 205 (SDNY 2019) (in RICO case, precluding introduction of uncharged act of violence that defendant threatened tow truck driver with firearm after argument arose between defendant and another driver from same towing company, explaining, "there appears to be no connection between this incident and the charged conspiracies, and it is not apparent how the conduct of [the defendant] and his associate furthered the charged conspiracies. Given the limited probative value of this evidence and the potential for unfair prejudice, evidence concerning this incident will be excluded under Fed.R.Evid. 403").

"The Government bears the burden of demonstrating the admissibility of evidence under Rule 404(b)," United States v. Nachamie, 101 F.Supp.2d 134, 137 (SDNY 2000), as well as under Rule 609, see United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977).  Based upon all of the above, it cannot be said that exceptional circumstances exist to justify a very rare exception to Rule 609, and indeed the Government has clearly failed to satisfy its burden to show that the probative value of Mr. Tagliaferro's 21-year-old prior conviction "*substantially* outweighs it prejudicial effect." See Fed.R.Evid. 609(b)(1).[1]

## II.    The Government has failed to carry its burden in establishing that the probative value of the specific additional prior acts identified by the Government "outweigh", or "substantially outweigh", their prejudicial effect.

In addition to its attempt to introduce Mr. Tagliaferro's prior conviction under Rule 609, the Government also seeks to introduce the prior conviction, as well as two additional uncharged acts, pursuant to Rules 404(b) and 405(a) on cross-examination in the event "any" witness offers character testimony.  See Gov't Mot. at 8.  Specifically, "[I]f any witness testifies that the defendant has a good character – e.g., that he is honest, law-abiding, or the like – the Government should be permitted to cross-examine that witness regarding relevant specific instances of the defendant's conduct," namely, (1) the 21-year-old prior conviction for conspiring to possess stolen property; (2) "the defendant's recent participation in a scheme to obtain kickbacks from personal

---

[1]    We note that even if this Court were to find that this case presented exceptional circumstances to justify a very rare exception to Rule 609, only the "bare" or "essential facts" of the prior conviction — which include "the statutory name of each offense, the date of conviction, and the sentence imposed" — may be admitted for purposes of impeachment. United States v. Estrada, 430 F.3d 606, 615-16 (2d Cir. 2005); United States v. Brown, 606 F.Supp.2d 306, 312 (EDNY 2009) (citations omitted); United States v. White, 312 F.Supp.3d 355, 359 (EDNY 2018) (same).

The Hon. Paul A. Crotty
January 4, 2021
Page 4 of 5

injury law firms in exchange for referring union members;" and (3) "the defendant's recent receipt of a kickback from a union member in exchange for ensuring that a contractor hired the members' firm."  Gov't Mot. at 8, 9.

To avoid repetition, we will only address the second of these three examples here.  With respect to Mr. Tagliaferro's prior conviction, the ground is adequately covered above and it is clear that the Government has not met its burden.  See United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977).  With respect to the allegation that Mr. Tagliaferro recently received a kickback from a union member in exchange for ensuring that a contractor hired the members' firm," we hereby incorporate and rely upon Defendant's Motions *in limine*, dated, December 28, 2020 (Doc. No. 108), which covers identical ground in seeking to affirmatively preclude that same act.

Thus, turning to the allegation that Mr. Tagliaferro entered into "scheme to obtain kickbacks from personal injury law firms in exchange for referring union members" (i.e., a referral fee arrangement with a personal injury law firm without disclosing that arrangement to the individuals being referred), we respectfully submit that the Government is likewise unable to carry its burden under Rule 404(b).  See Nachamie, 101 F.Supp.2d at 137.

Evidence of other crimes, wrongs, or acts are admissible, if at all, either under Rule 404(b), or for purposes of informing the jury of the background of the conspiracy "in order to help explain how illegal relationship between participants in crime developed, or to explain mutual trust that existed between conspirators."  United States v. Rosa, 11 F.3d 315, 333-34 (2d Cir. 1993), citing, Pitre, 960 F.2d at 1119; United States v. Roldan–Zapata, 916 F.2d 795, 804 (2d Cir.1990), cert. denied, 499 U.S. 940 (1991); United States v. Brennan, 798 F.2d 581, 589-90 (2d Cir. 1986).

The Government makes no effort to argue that the law firm referral scheme is background of the conspiracy or otherwise admissible for any permissible purposes under Rule 404(b), instead seeking to introduce it under Rule 405(a) if character testimony is offered by the defense.  See Gov't Mot. at 8-10.  The Government's effort should be rejected for several reasons.

First, to be clear, at present the defense does not anticipate calling any *character* witnesses under Rule 405(a), and as such this motion *in limine* should be denied as moot.

Moreover, were the defendant to testify on his own behalf, his testimony would be limited to facts and defenses relevant to the charged union fraud scheme, to which the law firm referral scheme bares absolutely no relation.  If such becomes the case, Rule 404(a) expressly prohibits the introduction of "[e]vidence of a person's character or character trait … to prove that on a particular occasion the person acted in accordance with the character or trait," and Rule 404(b)(1) likewise prohibits the use of "[e]vidence of any other crime, wrong, or act … to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  As such, the law firm scheme has not been offered for a proper purpose, if sought to be introduced against Mr. Tagliaferro on cross-examination.

Indeed, the law firm referral scheme was not even included in the Government's Rule 404(b) notice, see Gov't letter, dated, December 18, 2020 (annexed to Doc. No. 108 as, "Exhibit

The Hon. Paul A. Crotty
January 4, 2021
Page 5 of 5

A"), and the Government has likewise failed to articulate a proper bases for its admissibility, as required, "prior to a ruling on its admissibility under Rule 404(b)." United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984), citing, United States v. O'Connor, 580 F.2d 38, 40 (2d Cir. 1978); see also Fed.R.Evid. 403(b)(3) (requiring prior notice and requiring the Government to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose").

"[T]he test for receipt of evidence pursuant to Rule 404(b) is whether the evidence is (1) offered for a purpose other than to prove the defendant's criminal propensity, (2) relevant, and (3) more probative than unfairly prejudicial." United States v. Gallego, 913 F. Supp. 209, 217 (SDNY 1996), aff'd, 191 F.3d 156 (2d Cir. 1999), citing, United States v. Colon, 880 F.2d 650, 656 (2d Cir. 1989). Here, the allegation is plainly sought to be introduced to prove the defendant's criminal propensity even though it is irrelevant to the charged offenses and would not be more probative than prejudicial.

Indeed, even if a "proper purpose" had been raised, Rule 404(b) evidence generally may not be introduced until the defendant first opens the door to its introduction, see Pitre, 960 F.2d at 1120; Colon, 880 F.2d at 660-61, which does not occur simply by Mr. Tagliaferro taking the stand in his own defense. If such were the case, Rules 404(a) and Rule 404(b) would have no meaning.

### **Conclusion**

Accordingly, pursuant to Rules 401, 403, 404, and 609 of the Federal Rules of Evidence, the Government should be precluded from introducing evidence of Mr. Tagliaferro's prior conviction and other uncharged conduct either in its case-in-chief or during cross-examination of Mr. Tagliaferro should he elect to testify on his own behalf. To the extent the Government's motion applies to witnesses *other than* the defendant, it should be denied as either premature or moot since at present the defense does not anticipate calling any character witnesses under Rule 405(a).

Respectfully submitted,

/S/

Michael K. Bachrach
Richard H. Rosenberg
*Attorneys for Defendant Salvatore Tagliaferro*

cc:    All parties of record (by ECF)